IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES H. WILSON                                                                    PLAINTIFF

v.                                        Civil No. 6:20-CV-06049

STEPHANIE S. HOLMES, *et. al.*                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

## I.  BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on May 4, 2020.  (ECF No. 2).  It was transferred to this District on May 6, 2020.  (ECF No. 4).  Plaintiff was granted *in forma pauperis* ("IFP") on May 7, 2020.  (ECF No. 6).  In the IFP Order, Plaintiff was advised that he must immediately inform the Court of any address change, or his case would be subject to dismissal.  (*Id.*).

On September 28, 2021, the Ouachita County Defendants informed the Court that, although mail had not been returned as undeliverable, they had been unable to contact Plaintiff concerning his deposition.  They further stated they had been informed via phone that Plaintiff was no longer at the address previously provided to the Court.  (ECF No. 30).  On October 4, 2021, the Court entered an Order directing Plaintiff to provide the Court with his current address by October 29, 2021, or his case would be dismissed.  (ECF No. 32).  This Order was not returned as

1

undeliverable.  To date, Plaintiff has not provided the Court with his current address and has not otherwise communicated with the Court.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2).  Plaintiff has failed to comply with a Court Order.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

2

## IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's case be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **29th day of November 2021**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE